IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES A. REIGLE, JR.            *

      Petitioner               *

      vs.                      *   CIVIL ACTION NO. MJG-08-2512
                                               (Criminal No. MJG-05-0262)
UNITED STATES OF AMERICA        *

      Respondent               *

*    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

The Court has before it Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody and the materials submitted relating hereto. The Court finds that a hearing is unnecessary.

## I. BACKGROUND

On December 8, 2005, after seven days of trial, a jury found Petitioner guilty of all charges in the Superseding Indictment, i.e.:

> Count 1 – Conspiracy to Transport, Ship and Possess Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(1) & (b)(1);
>
> Count 2 – Transportation and Shipment of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(1);

> Count 3 - Transportation and Shipment of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(1);
>
> Count 4 – Sexually Exploiting Minors for the Purpose of Producing Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(1) & (b)(1);
>
> Count 5 - Sexually Exploiting Minors for the Purpose of Producing Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(1) & (b)(1); and
>
> Count 6 – Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).

On February 17, 2006, the Court granted Petitioner's Motion to Dismiss Count 6 and imposed the following concurrent sentences on Counts 1 through 5:

> Count 1: 40 years
>
> Count 2: 40 years
>
> Count 3: 40 years
>
> Count 4: Life
>
> Count 5: Life

Petitioner timely appealed. On May 30, 2007, the convictions and sentences were affirmed. United States v. Reigle, 228 Fed. Appx. 353 (4th Cir. 2007). The Court has held, over Government objection, that Petitioner timely filed the instant motion. See Memorandum and Order Re: Equitable Tolling [Document 101].

II. <u>GROUNDS ASSERTED</u>

The Petitioner presents the following grounds for relief, set forth as stated by Petitioner:

> Ground One – The conviction was obtained in violation of laws against multiple prosecutions for a single and or related act. [Double Jeopardy]
>
> Ground Two – Conviction was obtained without proof that Defendant was aware of more than one conspiracy. [Insufficient Evidence]
>
> Ground Three – The conviction was obtained in violation of Defendant's right to be compent (<u>sic</u>) to stand trial. [Competence at Trial]
>
> Ground Four – The conviction was obtained in violation of mandated speedy trial act, of trial within the 70 day rule upon the superseding indictment. [Speedy Trial Act]
>
> Ground Five – The conviction was obtained as a result of the abandonment of counsel, denial of his right to petition the Supreme Court of the United States. [Ineffective Assistance of Counsel]
>
> Ground Six – The conviction was a result of the ineffective assistance of counsel at both the trial and the appeal. [Ineffective Assistance of Counsel]
>
> Intent to File Ground Seven – The conviction was obtained in violation of prosecutor misconduct upon multiple issues including possessing discovered evidence, not given to Defendant, vouching for witness, and constructive amendment. [Prosecutorial Misconduct]
>
> Intent to File Ground Eight – The conviction was obtained in violation judicial constrictive amendment of Indictment, for venu issues (<u>sic</u>), and jury determination of intent.
>
> Intent to File Ground Eight (<u>sic</u>) – The conviction was obtained in violation possible actual

3

> innocence, due to actually knowing and proving in
> trial that conspiracy did [not exist].

The Court shall address these contentions in turn.

III. DISCUSSION

The Government contends that Petitioner is procedurally barred from presenting any of the asserted grounds except those based upon the alleged ineffective assistance of counsel. While the Government's procedural position appears meritorious, the Court will nevertheless address all of Petitioner's asserted grounds.

A. Double Jeopardy (Ground One)

Petitioner asserts a violation of his double jeopardy protection because he was convicted of conspiracy to transport, ship and possess child pornography (Count One) as well as substantive charges for crimes committed within the scope of the conspiracy.

There can be a violation of the Double Jeopardy Clause if a defendant receives cumulative punishments for a single offense or is subject to multiple criminal prosecutions for the same exact offense. United States v. Dixon, 509 U.S. 688, 696; Abney v. United States, 431 U.S. 651, 660-61 (1977). However,

> [i]t has been long and consistently recognized by
> the [Supreme Court] that the commission of the
> substantive offense and a conspiracy to commit it

> are separate and distinct offenses . . . . And the
> plea of double jeopardy is no defense to a
> conviction for both offenses.

Pinkerton v. United States, 328 U.S. 640, 643 (1946).

Petitioner seeks to rely on United States v. Colton, 231 F.3d 890 (4th Cir. 2000). However, in Colton there were multiple charges of bank fraud based on what the Court determined to be only "one performance, one completion, [and] one execution" of the scheme. 231 F.3d at 910 (internal quotation marks omitted). In the instant case, the charges in Counts 2 through 5 of the Superseding Indictment relate to crimes committed on four different dates, involving different victims, and different times.

Accordingly, there was no violation of Petitioner's rights protected by the Double Jeopardy Clause.


    B.    Insufficient Evidence (Ground Two)

Petitioner contends that there was insufficient evidence to prove the offenses charged in Counts 4 and 5 charging production of child pornography in May 2001 and November 2003 (Count 4) and in August 2003 (Count 5). In particular, he claims that the Government did not prove that the crimes charged in Counts 4 and 5 were committed within the scope of the conspiracy charged in Count 1.

The Superseding Indictment does not charge that the actions

in Counts 4 and 5 are related to the conspiracy charged in Count 1. Nor was the Government required to prove that Petitioner conspired with, or even knew, the people who downloaded the pertinent images.

Accordingly, Petitioner has not shown that there was an insufficiency of evidence to convict him on Counts 4 and 5.

### C. Competence at Trial (Ground Three)

Petitioner asserts that his conviction was obtained in violation of his right to be competent to stand trial.[1] He asserts that, at some time during the trial, he was medicated with "mind treating drugs."

"'Courts in habeas corpus [§ 2255] proceedings should not consider claims of mental incompetence to stand trial where the facts are not sufficient to positively, unequivocally, and clearly generate a real, substantial, and legitimate doubt as to the mental capacity of the petitioner.'" Reese v. Wainwright, 600 F.2d 1085, 1091 (5th Cir. 1979). Petitioner bears the burden of showing that "'objective facts known to the trial court were sufficient to raise a bona fide doubt,'" as to his competency. Medina v. Singletary, 59 F.3d 1095, 1106 (11th Cir.

---

[1] Pursuant to 18 U.S.C. § 4241(a), a court is required to order a hearing to determine a defendant's mental competency "if there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect rendering him mentally incompetent."

1995).

Petitioner presents no evidence to support his incompetency claim nor does he refer to anything on the trial record that would indicate that the Court was aware or should have been aware of the need for a competency examination. The Order for Medical Evaluation and Appropriate Treatment of Detainee [Document 5] did not, and does not, indicate reasonable cause for this Court to have held a competency hearing. Nor does Petitioner submit evidence to establish that had there been a competency hearing at, or about, the time of trial, he would have been found to lack the ability to assist counsel or understand the charges against him. <u>United States ex rel. Foster v. DeRobertis</u>, 741 F.2d 1007, 1012 (7th Cir. 1984), <u>cert. denied</u>, 469 U.S. 1193, 105 S. Ct. 972, 83 L. Ed. 2d 975 (1985).

    D.   <u>Speedy Trial Act (Ground Four)</u>

Under the Speedy Trial Act, a defendant must be brought to trial within 70 days of the filing of the Indictment. 18 U.S.C. § 3161(c)(1). However, the "speedy trial clock" is stopped during the time that motions are pending. <u>United States v. Hopkins</u>, 310 F.3d 145, 150 (4th Cir. 2002)

In the instant case, Petitioner was indicted on June 2, 2005 and the first of the pretrial motions was filed on June 6,

four days thereafter.[2] Motions were pending until November 23, 2005 and trial commenced five days thereafter. Therefore, the Speedy Trial Act "clock" ran for some ten days, far less than the requisite seventy days. There was no Speedy Trial Act violation.

E.  Ineffective Assistance of Counsel
    (Grounds Five and Six)

In this case, the Petitioner bases his ineffective assistance claim upon the contentions that:

1. Counsel failed to present the issues that are identified in the grounds asserted by Petitioner relating to the Speedy Trial Act, the competency issue, and the sufficiency of the evidence.

2. Counsel failed to file a timely Petition for Writ of Certiorari after Petitioner's conviction was affirmed.

In order to prevail on a claim that counsel's representation violated his Sixth Amendment right to effective assistance of counsel, Petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness,[3] and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v.

---

[2] The Superseding Indictment was filed on August 18, 2005. The Court will, however, utilize the filing date of the original Indictment herein.

[3] Thus overcoming a presumption that counsel's conduct was reasonable.

8

Washington, 466 U.S. 668, 687, 694 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id. at 694.

Even if the Court were to fault counsel, as asserted by Petitioner, there is no reasonable probability that Petitioner would have benefitted had counsel acted as Petitioner contests he should have.

As discussed herein, there was no violation of the Speedy Trial Act, no double jeopardy violation, sufficient evidence to convict Petitioner on each of Counts 1 through 5, and no showing of any valid reason warranting a competency hearing.

It is true that counsel did not file a timely petition seeking writ of certiorari. However, as the Court found in the Memorandum and Order re: Equitable Tolling, the Court has no reason to doubt counsel's statement that he mailed a letter to petitioner on June 27, 2007 informing him of the result of his appeal as well as his right to seek a writ of certiorari and the time limit for such a petition. The Court found that Petitioner did not receive this letter "due to a failure (albeit unintentional) in the prison mail handling system." Id. at 5. Inasmuch as the time to file a Petition for Writ of Certiorari expired August 28, 2007, had counsel's letter been received in due course, Petitioner would have been on notice of the Fourth Circuit affirmance more than a month prior to the particular

filing date. It is true, therefore, that due to no fault on the part of Petitioner, he did not have a chance to file a timely Petition for Writ of Certiorari.

The Court will assume, without finding that counsel can be faulted for not taking action when there was no response from Petitioner to the June 27, 2007 letter. Therefore, the Court assumes that counsel should have filed a timely protective certiorari petition.[4]

Nevertheless, it does not appear that there is any reasonable probability that the result of the proceedings would have been different.

Petitioner has not identified and the Court does not find, any issue presented in the record of this case, including the appellate decision, that would (1) be at all likely to warrant a writ of certiorari and/or (2) provide any basis for reversal of the Fourth Circuit decision.

Accordingly, the Court – assuming without finding – that counsel should have acted as petitioner contends he should – concludes that Petitioner does not prevail on his ineffective assistance of counsel claim.

---

[4] The Court cannot, however, suggest what might have been included in any such petition that would have any potential merit.

F.  <u>Possible Other Grounds</u>

Petitioner states, in the instant motion:

> Intent to File Ground Seven – The conviction was obtained in violation of prosecutor misconduct upon multiple issues including possessing discovered evidence, not given to Defendant, vouching for witness, and constructive amendment.
>
> Intent to File Ground Eight – The conviction was obtained in violation judicial constrictive amendment of Indictment, for venu issues (<u>sic</u>), and jury determination of intent.
>
> Intent to File Ground Eight (<u>sic</u>) – The conviction was obtained in violation possible actual innocence, due to actually knowing and proving in trial that conspiracy did [not exist].

Possibly, Petitioner intended to assert grounds of the type referred to in these statements. However, although afforded every opportunity to supplement his motion, he has not done so. Therefore, the Court concludes that Petitioner has not established any additional grounds that would provide a basis for granting the instant motion.

IV. CONCLUSION

For the foregoing reasons:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DENIED.

2. This case shall be dismissed with prejudice.

3. Judgment shall be entered by separate Order.

SO ORDERED, this Monday, November 21, 2011.

/s/
Marvin J. Garbis
United States District Judge